UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID PAUL SNIPES,

                    Petitioner,

vs.                                    Case No.  2:05-cv-316-FtM-29SPC

SECRETARY,  DOC;  FLORIDA  ATTORNEY
GENERAL,

                    Respondents.

_____

### OPINION AND ORDER

This matter comes before the Court upon review of Petitioner's Petition for Writ of Habeas Corpus (Doc. #1, Petition), filed pursuant to 28 U.S.C. § 2254 on June 30, 2005.[1]  Petitioner challenges his state court judgment and conviction of first-degree murder entered in the Twentieth Judicial Circuit, Lee County, Florida.  Petition at 1.  In accordance with the Court's Order, Respondent filed a Response (Doc. #9, Response).  Respondent[2]

---

[1]The Petition was docketed and filed in this Court on July 5, 2005; however, the Court "applies the mailbox rule and refer[s] to the date [petitioner] signed his motions or petitions and submitted them to prison authorities." Alexander v. Sec. Dept. of Corrections, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008); Cramer v. Sec. Dept. of Corrections, 461 F.3d 1380, 1381 n.1 (11th Cir. 2006).

[2]Respondents seek dismissal of the Attorney General as a respondent. Response at 2 n. 1. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given
(continued...)

attached exhibits including the transcript of Petitioner's state court trial and post-conviction records.  See Doc. #11 (exhibits not scanned), Exhs. AA-EE, A-I.   Petitioner filed a Reply (Doc. #12, Reply).  This matter is ripe for review.

**I.**

After a jury trial, Petitioner was convicted of first-degree murder in case number 95-2553CF-B.  Petition at 1; Exh. BB.  At the sentencing stage of the proceedings, the jury recommended death by an eleven-to-one vote, and upon review the trial judge followed the jury's recommendation.  Exh. BB at 2.

On direct appeal to the Florida Supreme Court, Petitioner argued that: (1) the trial court erred in allowing the State to amend the indictment; (2) the trial court erred by denying his motion for a mistrial after the jury heard that Snipes had been in jail before trial; (3) the trial court erred in denying the motion to suppress his pretrial statement; (4) the trial court erred in allowing the admission of his uncle's testimony about statements

---

[2](...continued)
prisoner's habeas petition."  Rumsfield v. Padilla, 124 S. Ct. 2711, 2717 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id.  When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."  Id. at 2718 (citations to other authorities omitted).  In Florida, that person is Walter McNeil, the current Secretary of the Florida Department of Corrections.  The Florida Attorney General is dismissed as a respondent.

that Petitioner had made to his uncle; (5) the State wrongfully introduced evidence that Petitioner had no remorse for the crime and was a danger to the community, and as such Petitioner was entitled a new trial; and (6) the death penalty was not warranted in this case. Exh. BB at 3-6. The Florida Supreme Court affirmed Snipes' conviction of first-degree murder and rejected the first five claims. However, the Florida Supreme Court vacated Snipes' death sentence and remanded the case to the trial court for the imposition of a life sentence. Exh. BB at 6-7. The court found "substantial mitigation" and found the case was "closer to those cases in which [it] ha[d] reversed the death penalty for the imposition of a life sentence." Id. at 6; Snipes v. State, 733 So. 2d 1000, 1008 (Fla. 1999).

On remand from the Florida Supreme Court, the trial court held a hearing and imposed a life sentence without parole on Petitioner on August 3, 1999. Response at 3; Exh. DD at 1. On November 10, 1999, Petitioner appealed the imposition of a life sentence to the Second District Court of Appeal, raising two grounds: (1) whether the trial court erred in sentencing Snipes to life in prison without possibility of parole; and (2) whether the trial court erred in noting on the written sentence that Snipes plead nolo contendere. Exh. DD. The State filed a brief in response. Exh. EE. On December 8, 2000, the appellate court per curiam affirmed the trial court, Snipes v. State, 781 So. 2d 369 (Fla. 2d DCA

2000), and mandate issued on January 16, 2001.  Exh. CC; Response at 3.

On January 4, 2002, Petitioner filed a motion for post-conviction relief with the trial court pursuant to Rule 3.850, Florida Rule of Criminal Procedure.  Petitioner raised eight claims in which he alleged his trial counsel was ineffective by: (1) including the "wrong factual predicate" in the motion to suppress Petitioner's pre-trial statements; (2) not filing a motion to exclude evidence gained tangentially (under theory of fruit of the poisonous tree) from the interrogation (i.e. the identity of Petitioner's girlfriend); (3) failing to preserve an appeal concerning testimony elicited by the State regarding Petitioner's lack of remorse; (4) failing to object to a witness' statement concerning Petitioner's detention in jail pending trial; (5) failing to ensure that the State conducted tests of hair and blood samples from the crime scene; (6) failing to read letters Petitioner gave to defense counsel that would have contradicted the testimony from his uncle; (7) filing a "bare bones" JOA; and (8) not objecting to statements made by Petitioner to his uncle on grounds the statements were a result of "illegal entrapment".  Exh. A.  The trial court dismissed the Rule 3.850 motion as untimely under state law, but this was reversed on direct appeal and remanded for consideration of the claims on the merits.  Snipes v. State, 843 So. 2d 1043 (Fla. 2d DCA 2003).

After the trial court held an evidentiary hearing on April 13, 2004, the court applied the Strickland[3] analysis and entered an order denying Petitioner's motion. Exh. B (hearing); Exh. C (state order denying relief). Counsel for Petitioner then appealed the trial court's denial of Petitioner's 3.850 motion to the appellate court, raising one issue: whether trial counsel provide ineffective assistance by failing to object to the witness' opinion that Petitioner lacked remorse and was a danger to the community. Exh. D. The State filed a Response. Exh. F. The appellate court *per curiam* affirmed the trial court's decision on March 4, 2005, Snipes v. State, 902 So. 2d 806 (Fla. 2d DCA 2005) and mandate issued March 30, 2005. Response at 5; Exhs. G, H.

**II.**

Petitioner then filed his timely[4] federal Petition in which he argues that his trial counsel[5] provided ineffective assistance by: (1) failing to properly investigate and develop facts necessary to support the motion to suppress Petitioner's pre-trial statement;

---

[3]Strickland v. Washington, 466 U.S. 688 (1984).

[4]The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that due to Petitioner's collateral appeals, the Petition in this Court was timely filed. Response at 8. The Court agrees.

[5]Petitioner was first appointed John Mills to represent him. Mills represented Petitioner at the preliminary hearing, arraignment and plea. At trial and sentencing, Mark Gruber represented Petitioner. Petitioner also had counsel on appeal and at the post-conviction proceedings, but the ineffective assistance claims arise from the trial. Petition at 12; Reply at 8.

(2) failing to argue a "proper JOA predicate"; and (3) failing to object when State witness testified that Petitioner had no remorse for the crime and was a danger to the community.  Petitioner also asserts error (4) in the admission of his pre-trial statements that were coerced and/or involuntary statements, Petition at 5-9, and ineffective assistance of counsel for not further objecting to the admission of such evidence, Reply at 9; and (5) in the admission of evidence that was a "violation of Constitutional rights as well as Fla. Constitution for allowing evidence in that was obtained by illegal interception of wire oral or electronic communications," a reference to statements Petitioner made to his uncle that his uncle testified about during the trial.  Id.  Petition at 20-21.

### A.

Because Petitioner filed his § 2254 Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Neither party disputes the applicability of the AEDPA.

### B.

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a).  If the ground(s) asserted warrant review by

a federal court under § 2254, petitioner must still have given the State courts the opportunity to address the federal issue(s).  A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A).   This imposes a total exhaustion requirement in which all the issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  See also Duncan v. Henry, 513 U.S. 364, 365 (1995).  "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  See also Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003), cert. denied sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004).  Petitioner must present the same claim to the state court that he urges to the federal court.  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005); Kelley v. Sec. for Dept. of Corrections, 377 F.3d 1317, 1343 (11th Cir. 2004).  As to ineffective assistance of counsel claims, a petitioner must have presented each instance of alleged ineffective assistance to the state court in such a manner that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.  Ogle, 488 F.3d at 1368; Kelley, 377

-7-

F.3d at 1344.  However, a state prisoner need not file a petition for certiorari with the U.S. Supreme Court in order to exhaust state remedies.  <u>Lawrence v. Florida</u>, 127 S. Ct. 1079, 1083 (2007).

A district court is ordinarily required to dismiss a "mixed" petition, i.e., one containing both unexhausted and exhausted claims.  <u>Pliler v. Ford</u>, 542 U.S. 225 (2004); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).  However, when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural rule, a district court can consider the petition but treat those claims as procedurally defaulted.  <u>Ogle v. Johnson</u>, 488 F.3d 1364, 1370 (11th Cir. 2007).  Additionally, while under the AEDPA a federal court may not grant a habeas petition which contains unexhausted claims, it may deny such a petition.  <u>LeCroy v. Sec. Dept. of Corrections</u>, 421 F.3d 1237, 1261 n.26 (11th Cir. 2005).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."  <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001), <u>cert. denied</u>, 534 US. 1136 (2002).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, . . .."  <u>Smith</u>, 256 F.3d at 1138.

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, petitioner may obtain federal habeas review of a procedurally

defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 537 (2006); Mize v. Hall, ___ F.3d ___, No. 07-10659, 2008 WL 2600625 (11th Cir. July 2, 2008). "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). To show "prejudice," petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. Henderson, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt).

## C.

Even where the claim is federal in nature and has been properly exhausted, additional § 2254 restrictions apply. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008); Wright v. Moore, 278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, ____ , 127 S. Ct. 649, 653 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Where no Supreme Court precedent is on point, or the precedent is ambiguous or gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16.   A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. Brown, 544 U.S. at 1439; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001).  The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Mitchell, 540 U.S. at 17-18; Lockyer v. Andrade, 538 U.S. 63, 75-77

-11-

(2003).  Depending upon the legal principle at issue, there can be a range of reasonable applications.  Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).  Thus, a federal court's review is not *de novo*, but requires a showing that the state court decision is objectively unreasonable.  Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  Where credibility is at issue, relief may only be granted if it was unreasonable for the state court to credit the testimony of the witness.  Rice v. Collins, 546 U.S. 333, 338 (2006).  Additionally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);  Miller-El v. Dretke, 545 U.S. 231, 240 (2005);  Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).  An ineffective assistance of counsel claim is a mixed question of law and fact, Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006), and therefore the presumption does not apply to determinations of the ineffective assistance of counsel.

If the state court has not ruled on the merits of a claim, a federal habeas court owes no deference to the state court decision. Davis v. Sec. Dept. of Corrections, 341 F.3d 1310, 1313 (11th Cir. 2003).

### D.

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). After the AEDPA, the Strickland v. Washington, 466 U.S. 668 (1984) standard remains applicable for the ineffective assistance of counsel claims raised in this case. Newland, 527 F.3d at 1184. The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000)(quoting <u>Strickland</u>, 466 U.S. at 690). This judicial scrutiny is "highly deferential." <u>Id.</u> A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689-90. An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir.), <u>cert. denied sub nom.</u> <u>Ladd v. Burton</u>, 493 U.S. 842 (1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992).

### III.

Respondent asserts that Petitioner did not exhaust his state remedies with regard to Grounds One, Two, and Four. Response at 10. Additionally, it appears that Ground Five was not exhausted.

### A.

Read liberally, in Ground One Petitioner argues that his trial counsel was ineffective by failing to properly investigate and develop factual support for the motion to suppress Petitioner's pre-trial statement at the police station and failed to argue the proper totality of the circumstances standard. Petition at 5, 15. This issue was raised in Petitioner's Rule 3.850 motion, Exh. A, and was denied by the trial court after an evidentiary hearing, Exh. C. Petitioner did not raise this issue in the appeal of the denial of the motion, Exh. E. To properly exhaust the issue,

Petitioner was required to raise this issue in the appeal of the trial court's denial of the Rule 3.850 decision.  <u>See</u> <u>Martin v. Sec. Dept. of Corrections</u>, No. 6:05-cv-1815, 2008 WL 2490447 *10 (M.D. Fla. June 19, 2008)(citing <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5th Cir. 1979)[6] (finding that exhaustion requires not only the filing of a Rule 3.850 motion, but also an appeal of its denial)); <u>Cortes v. Gladish</u>, 216 Fed. Appx. 897 (11th Cir. 2007). Therefore Ground One has not been properly exhausted in the state courts.

Ground One is procedurally defaulted unless Petitioner can show cause and prejudice for his failure to exhaust the ground, or can demonstrate a fundamental miscarriage of justice.  <u>See</u> <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003); <u>see</u> <u>also</u> Fla. R. Crim. P. 3.800, 3.850(b)(g).  Petitioner argues that he was precluded from raising this ground because he was represented by counsel and therefore could not raise the issue <i>pro se</i>.  Reply 2-3. While Petitioner suggests that his Rule 3.850 appellate counsel was constitutionally ineffective for failing to raise this issue, such a claim does not constitute cause.  The Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings," and "[c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such

---

[6]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

proceedings." <u>Coleman v. Thompson</u>, 501 U.S. 722, 753-54 (1991). "A petitioner cannot establish constitutionally ineffective assistance of counsel in state post-conviction proceedings because there is no constitutional right to an attorney in such proceedings." <u>Jimenez v. Sec. Dept. of Corrections</u>, 481 F.3d 1337, 1344 (11th Cir. 2007). <u>See</u> <u>also</u> <u>Mize v. Hall</u>, ____ F.3d ____, No. 07-10659, 2008 WL 2600625 *6 (11th Cir. July 2, 2008)("Because a petitioner has no right to counsel during state collateral review, even grossly ineffective assistance at the collateral review stage, or no assistance at all, does not constitute cause to excuse a procedural default."). Additionally, Petitioner has not established a fundamental miscarriage of justice. Therefore, Ground One was not exhausted in the state courts and is procedurally defaulted, which prevents relief in this court.

**B.**

In Ground Two Petitioner argues that his trial counsel was ineffective by failing to argue the proper factual predicate in the motion for judgment of acquittal. Petition at 6, 16. This issue was raised in Petitioner's Rule 3.850 motion, Exh A, and was denied by the trial court after an evidentiary hearing, Exh. C. Petitioner did not raise the denial of this issue in the appeal of the denial of the motion, Exh. E. As with Ground One, this issue must have been raised on appeal in order to properly exhaust the issue. Therefore Ground Two also has not been properly exhausted in the state courts. Since petitioner has not established cause

and prejudice or a fundamental miscarriage of justice as to this issue, Ground Two is also procedurally defaulted.

### C.

In Ground Four Petitioner argues two separate issues.  In his Petition he argues that the trial court erred in admitting his pre-trial statement at the police station because it was coerced and involuntary under the totality of the circumstances.  Petition at 9, 18-19.  In Petitioner's Reply he seems to add that his new trial counsel was ineffective by failing to challenge Petitioner's statement at the police station as coerced and/or involuntary under the totality of the circumstances.  Reply at 8-9.

The substantive issue of the voluntariness of the pre-trial statement was presented to and ruled upon by the Florida Supreme Court on direct appeal.  Snipes, 733 So. 2d at 1005-06.  Therefore the first sub-issue of Ground Four is properly exhausted and will be discussed below.

The ineffective assistance of counsel component of Ground Four was presented to the trial court in the Rule 3.850 motion, Exh. A, and was denied by that court after an evidentiary hearing, Exh. C. Petitioner did not include this issue in his appeal of the denial of his motion, Exh. E, and therefore it is not properly exhausted. Since petitioner has not established cause and prejudice or a fundamental miscarriage of justice as to this issue, this part of Ground Four is also procedurally defaulted.

**D.**

With regard to Ground Five, Respondent did not discuss this issue at all in his Response.[7]   Nonetheless, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State . . . expressly waives the requirement."   28 U.S.C. 2254(b)(3); McNair v. Campbell, 416 F.3d 1291, 1305-06 (11th Cir. 2005).   Respondent did not expressly waive the exhaustion requirement with regard to Ground Five, and therefore Respondent is not deemed to have waived the exhaustion requirement.

Although Petitioner contends that he raised Ground Five on direct appeal, the Court finds Petitioner did not do so.   On direct appeal Petitioner challenged the admission of statements he made to his uncle on the ground that the statements were coerced or involuntary.   See Exh. BB at 5.   The basis of Petitioner's argument in the current Petition pertains to the allegation that his statements to his uncle were "illegal[ly] intercept[ed]" by "wire oral [sic] or electronic communications."   Petition at 20.   Petitioner did not raise this argument on direct appeal nor in his 3.850 motion to the trial court, and as such the Court finds Ground Five is unexhausted.   Since petitioner has not established cause and prejudice or a fundamental miscarriage of justice as to this issue, Ground Five is also procedurally defaulted.

-----

[7]Ground five was not raised on the form, but was included on the last page of attachments to the form.   See Petition at 20-21

**IV.**

Thus, only two issues are properly exhausted and not procedurally defaulted, and can be considered in this federal habeas proceeding.

**A.**

In Ground Three, Petitioner argues that trial counsel provided ineffective assistance by not objecting to a witness' statement at trial when the witness testified that he did not believe Petitioner felt remorse and believed that Petitioner was a future danger to the community.  Petition at 8.  In Response, Respondent refers the Court to the transcribed testimony of defense counsel's at the evidentiary hearing and relevant portions of the trial transcript. Response at 16-20.  Respondent argues that it was part of counsel's strategy to not object to this testimony and counsel was able to establish Petitioner felt remorse on cross-examination.  Id. at 20. In Reply, Petitioner argues that it was not a part of counsel's strategy not to object, but was "complete incompetence."  Reply at 8.  Moreover, Petitioner argues "[t]rial strategy does not cover error where due process is violated."  Id. at 6.  Petitioner also refers the Court to the transcript of counsel's testimony.  Id. at 8.

This claim raises issues of his trial counsel's effectiveness under the Strickland standard discussed above.  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's

performance was unreasonable is a heavy one." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 619 (2006).  To show counsel's performance was unreasonable, a petitioner must establish that "no competent counsel would have taken the action that his counsel did take." <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000)(quoting <u>Strickland</u>, 466 U.S. at 690).  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 125 S. Ct. 2456, 2462 (2005) (citations omitted).

If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Rompilla</u>, 125 S. Ct. at 2467 (citation omitted).  To show prejudice, a petitioner must show more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." <u>Strickland</u>, 466 U.S. at 693.  Instead, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  A "reasonable probability" is defined as a probability sufficient to undermine the outcome." <u>Id.</u>

Prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable.   Lockart v. Hill, 506 U.S. 364 (1993).

After holding an evidentiary hearing, the trial court denied Petitioner relief on his claim that counsel was ineffective for failing to object to testimony presented regarding Petitioner's lack of remorse and danger to the community, reasoning:

> At the evidentiary hearing, counsel Gruber testified that this choice not to object to these statements was a decision of trial strategy in not unnecessarily drawing the attention of the jury to the statements, or as Atty Gruber stated, "not reringing the bell."  Additionally, pursuant to the Strickland standard, Defendant has not demonstrated any actual prejudice.  Statements regarding lack of remorse and danger, though inadmissible, are harmless error when they do not go to the trial issue of whether the Defendant actually committed the crimes charged, and the State did not argue lack of remorse as proof of guilt.  This issue is one of trial strategy by counsel and lack of prejudicial impact, and does not warrant relief.

Exh. C. at 1266.  This was affirmed on appeal *per curiam*.

The Court finds that the state court's determination that counsel did not provide ineffective assistance is not contrary to, nor an unreasonable application of Strickland.  The trial court noted that defense counsel testified that his decision not to object was a result of trial strategy.  A court must not second-guess counsel's strategy.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000).  To the extent counsel, reflecting in hindsight, stated that he should have objected earlier to the

witness' statements, does not constitute ineffective assistance. <u>Rompilla</u>, 125 S. Ct. at 2462.

Further, the record does not show that but for counsel's failure to object to the witness' statement that the outcome of the result of the case would have been different.  The Florida Supreme Court summarized the pertinent facts as follows:

> In February 1995, Markus Mueller was found dead in his home by his former girlfriend, Danielle Bieber.  Mrs. Bieber called police when she found him. . . Medical evidence reflected that Mueller had been short three times; twice in the torso and once in the head.  He died from the gunshot wound to the head.  The bullets could have been fired from a .38 snub-nose revolver.  The murder weapon was not recovered. . . .Subsequent to the murder, Michaela Larson told police that he lived next door to David Snipes; that he and Snipes were friends; that Snipes had borrowed Larson's .38 pistol shortly before the murder; and that Snipes had never returned the gun.  In February, Snipes' girlfriend also noticed that Snipes had extra money.  Snipes told his girlfriend that he has been hired to shoot Mueller for $1000.  While Snipes was in jail awaiting trial, he also confessed to two of his uncles, telling one of them that Mr. Bieber had asked Saladino to find someone to commit the murder and that Saladino then arranged for Snipes to commit the murder.  Additionally, Snipes gave a taped confession to the police.

Exh. BB at 2.  Considering the evidence presented at trial, the record does not support a finding that the result of the trial would have been different absent counsel's failure to object in this instance.

The Court finds that the decision of the Florida courts were not contrary to clearly established federal law, were not an unreasonable application of clearly established federal law, and

were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**B.**

In the first portion of Ground 4, Petitioner asserts that his pre-trial statement to the police officers was coerced and involuntary, and therefore it was error for the trial court to have admitted the statement.  This claim was rejected by the Florida Supreme Court, and therefore was properly exhausted by Petitioner.

The Florida Supreme Court found that the facts pertinent to this claim were as follows:

> On September 23, 1995, Snipes was taken from his home for questioning at 2:30 a.m.  He and his mother were told that he was going to be interviewed about a neighbor.  At the station, he was told he was going to be interrogated about the Mueller murder, he was given his <u>Miranda</u> rights, and he then gave a taped statement about the murder.  Snipes testified that he asked for an attorney on three separate occasions prior to giving the taped statement.  The deputies testified that he did not ask for an attorney.  On the tape, Snipes was told he had the right to an attorney but he did not ask for one at that time.  The deputies did not advise Snipes that he had the right to have his parents present.

<u>Snipes</u>, 733 So. 2d at 1005-06.  Relying on <u>Fare v. Michael C.</u>, 442 U.S. 707 (1979), the Florida Supreme Court found that the totality of the circumstances did not render admission of the statement unlawful.  The Florida Supreme Court specifically noted:

> In this case, Snipes' mother knew he was being taken to jail; Snipes was eighteen years of age when he was interrogated; Snipes had a GED; on the tape, he indicated that he understood his rights and he agreed to talk to the officers; the entire interview lasted for less than twenty minutes; he signed a written waiver form; and the

officers testified that Snipes never asked to speak to an attorney.

Snipes, 733 So. 2d at 1006.

The Court finds that the decision of the Florida Supreme Court was not contrary to clearly established federal law, was not an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  The voluntariness of a statement has long been evaluated by the totality of the circumstances.  Haynes v. Washington, 373 U.S. 503, 513-14 (1963); Withrow v. Williams, 507 U.S. 680, 688-89 (1993).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Court *sua sponte* dismisses the Florida Attorney General as a named Respondent.

2.   The Petition for Writ of Habeas Corpus is **DISMISSED** as to Grounds One, Two, part of Four and Five as not exhausted and procedurally defaulted, and **DENIED** as to Ground Three and the other part of Ground Four.

3.   The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   6th   day of August, 2008.

_____
**JOHN E. STEELE**
United States District Judge

-24-

SA: alj
Copies: All Parties of Record